IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-135-FL

| | |
|---|---|
| RICHARD EBISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the court on the parties' cross motions for judgment on the pleadings (DE 29, 35). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers II issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed objections to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation of the magistrate judge, grants plaintiff's motion for judgment on the pleadings, and remands this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

On October 24, 2008, plaintiff filed an application for supplemental security income. Later, on February 11, 2009, plaintiff filed an application for a period of disability and disability insurance benefits. Both applications listed the alleged onset date of plaintiff's disability as October 1, 2008. Plaintiff's application was denied initially and again upon reconsideration. On March 31, 2010,

plaintiff timely filed a request for a hearing before an administrative law judge ("ALJ"), who, after hearing, denied plaintiff's claim on February 22, 2011. On June 27, 2012, the Appeals Council denied plaintiff's request for review.

Subsequently, on July 3, 2012, plaintiff submitted a second application for a period of disability, disability insurance benefits, and supplemental security income, which forms the subject matter of the instant action, alleging disability beginning February 1, 2009. Plaintiff's claim was denied initially, and again on reconsideration. Plaintiff timely filed a request for a hearing before an ALJ. On April 2, 2014, the ALJ held hearing. On April 4, 2014, plaintiff amended his alleged disability onset date from February 1, 2009, to February 23, 2011, to account for his previous unfavorable decision. By order entered April 25, 2014, the ALJ denied plaintiff's claim. On July 3, 2014, the Appeals Council denied plaintiff's request for review. Plaintiff filed the instant action on August 1, 2014.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 23, 2011, the amended date of alleged onset of disability. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status post lumbar fusion, and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the Listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to certain limitations. These limitations included: no climbing ladders, ropes or scaffolding; only occasional climbing of ramps or stairs; only occasional stooping; occasional reaching overhead with both arms; frequent balancing, kneeling, crawling, or crouching; and avoidance of concentrated exposure to unprotected heights and excessive vibrations. In making this assessment, the ALJ found plaintiff's statements about his own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

B.  Analysis

Plaintiff lodges three objections. First, plaintiff argues that the ALJ erred in concluding that he did not meet or medically equal Listing 1.04, Disorders of the Spine. Second, plaintiff contends

4

the ALJ erred by failing to accord to plaintiff's treating physician and neurologist's opinions controlling weight. Finally, plaintiff argues the ALJ incorrectly assessed his RFC.

1. Listing 1.04

Plaintiff first argues the ALJ erred when it concluded he did not meet or medically equal Listing 1.04, Disorders of the Spine. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04. The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a Listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to show that he meets all of the specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Nevertheless, an impairment that does not meet the criteria of a Listing may still medically equal the criteria of a Listing. 20 C.F.R. §§ 1525(c)(5); 416.925(c)(5). This "equivalence" step cannot be met with a showing that the overall functional impact of an impairment is as severe as a listed impairment. Sullivan, 493 U.S. at 531. Rather, a claimant must present medical findings equal in severity and duration to all the criteria for a Listing. Id.; 20 C.F.R. §§ 404.1526(a); 416.926(a). Failure to address sufficiently a relevant Listing is ground for remand. Cook v. Heckler, 783 F.3d 1168 1172–73 (4th Cir. 2013).

5

The Listing at issue in this case provides that an individual is "disabled" for purposes of the Social Security Act upon a showing of a disorder of the spine, resulting in compromise of a nerve root or the spinal cord and exhibiting certain distinguishing characteristics. 20 C.F.R. § pt. 404, subpt. P, app. 1 § 1.04. Those characteristics are:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Id.

The ALJ concluded that there was no evidence of record to support application of Listing 1.04. Although brief, the ALJ's discussion adequately explained its conclusion that plaintiff did not meet or medically equal Listing 1.04, and that conclusion is supported by substantial evidence. Although plaintiff has demonstrated sufficiently the presence of degenerative disc disease, a qualifying disorder of the spine, see id., he has failed to submit evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis.

The record indicates that there is "no evidence" of nerve root compression. (Tr. 1007). The only finding potentially indicative of nerve root compression is that of "radiculopathy." (Tr. 1008). This finding, dated well after plaintiff's alleged date of disability onset, does not establish nerve root

6

compression, however.  See Hays v. Sullivan, 907 F.2d 1453, 1457 n.4 (4th Cir. 1990) (noting radiculopathy is a general classifications for "disease of the nerve roots," whereas nerve root compression is a specific nerve root disorder).  In addition, an MRI, performed December 21, 2012, evidences a "slight disc bulge." (Tr. 750, 1011).  However, as other courts have recognized, a slight disc bulge is not sufficient to meet Listing 1.04.  See Hayes, 907 F.3d at 1457–58; Taylor v. Astrue, 2009 WL 2462189, at *5 (W.D. Va. Aug. 10, 2009).

Moreover, there is no evidence of arachnoiditis or spinal stenosis.  The notes accompanying plaintiff's December 21, 2012, MRI do not indicate stiffening of the spinal arachnoidea mater or narrowing of the vertebral canal, as necessary to support those characteristics.  In fact, the physician's notes accompanying the MRI specifically note a lack of stenosis.  (Tr. 888).  Given the lack of evidence supporting application of Listing 1.04, the court concludes the ALJ's finding that plaintiff's symptoms did not meet or medically equal that Listing is both adequately explained and supported by substantial evidence.

Both the government and the magistrate judge specifically address Radford v. Colvin, a case where the Fourth Circuit directed remand to the Commissioner for additional findings on a similar Listing issue, because the ALJ only briefly "considered" a number of relevant Listings.  734 F.3d 288, 295 (4th Cir. 2013).  In the court's view, the instant case is distinguishable from Radford on its facts, rendering a comparison of the administrative decision in this matter and the Radford ALJ's perfunctory discussion of the Listings unnecessary.  In Radford, as the Fourth Circuit noted, there was record evidence potentially supporting application of Listing 1.04.  Id.  In the instant matter, by contrast, as the ALJ correctly concluded, there is no evidence to support application of Listing 1.04.

7

Thus, the ALJ was not required to engage in a discussion of why the evidence did not qualify plaintiff as disabled under that Listing.

Finally, plaintiff suggests that the ALJ should have considered his condition in conjunction with his obesity. However, plaintiff's suggestion is belied by the ALJ's analysis, which specifically indicates that it did consider plaintiff's obesity, but that there was no evidence of limitations resulting from plaintiff's weight. (Tr. 17).

2. Failure to Explain Weight Given to Treating Physician Opinions

Plaintiff objects to the ALJ's decision not to afford controlling weight to the opinions of Dr. Ann Nunez, his treating neurologist, and Dr. Geneine Jones, his treating physician. In particular, plaintiff objects to the ALJ's failure to incorporate into its RFC determination the limitations and environmental considerations set forth in their opinions, which include: a limitations on standing "no more than 2 hours in an 8-hour workday," plaintiff's need to frequently changing position to avoid discomfort, and a limitation on reaching, kneeling, crawling, and stooping. (Pl.'s Obj., DE 38, 6). The court construes this objection as one arguing that the ALJ failed to explain properly the reason for giving these opinions "less weight." (See Pl.'s Obj., 7) ("Furthermore, it was improper for the ALJ to conflate findings of 'normal gait and generally normal strength of [plaintiff's] lower extremities' with an ability to work on a regular, sustained basis.").

The ALJ must weigh and evaluate all medical opinions received, regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, opinions of treating sources are given greater weight than opinions of non-treating sources, such as consultative examiners. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). While a treating source's opinion usually is afforded "great weight,"

8

the ALJ is not required to afford it "controlling weight." Craig, 76 F.3d at 589–90. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. at 590. If the ALJ determines a treating source's opinion should not be given controlling weight, then the ALJ must evaluate and weigh the opinion according to the following non-exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527). The ALJ must state the weight given to a treating source's medical opinion and provide specific reasons for the weight given to those opinions. SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ did not adequately explain its reasons for affording Nunez's opinion "less weight." As relevant to the instant analysis, on June 8, 2012, Nunez opined that plaintiff was limited to standing and/or walking less than two hours in an 8-hour workday and that he must periodically alternate between siting and standing. (Tr. 1014–17). In weighing the opinion, the ALJ noted that Nunez's findings as to plaintiff's ability to sit, stand, and walk were belied by "clinical findings of a normal gait and generally normal strength of the lower extremities." (Tr. 21; see also id. 501; 916; 1006–08). However, the ALJ failed explain why those clinical finds were sufficient to support its ultimate conclusion to not include Nunez's proposed limitations into its final RFC determination. For example, the ALJ's reliance on plaintiff's ability to walk normally, as well as the strength of plaintiff's lower extremities, in no way addresses plaintiff's requested sit-stand option. It is not apparent that the ability to walk normally, or the presence of lower body strength, either alone or

9

in combination, has any bearing on the frequency with which plaintiff needs to change position. See Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (recognizing the similar principal "the ability to perform simple tasks differs from the ability to stay on task"). The ALJ cited no evidence and included no discussion as to why it rejected that aspect of Nunez's option. Because the ALJ failed to explain why it rejected Nunez's opinion, at least with respect to the sit-stand option, remand is required.

Moreover, the reasoning supporting the ALJ's decision to give Nunez's opinion less weight, with regard to her proposed durational limitations on plaintiff's ability to sit and stand during an 8-hour workday, is not immediately clear. See id. The ALJ's opinion fails to provide any reasoning connecting plaintiff's ability to stand or walk in an instant with plaintiff's ability to stand or sit for a specified period of time. Accordingly, because the ALJ failed to supply sufficient explanation for its opinion, the court is unable to determine whether it is supported by substantial evidence. Because the court has concluded that the ALJ's opinion, as it relates to the weight given to Nunez's medical opinion, is not sufficiently explained, it need not reach the other issues raised in plaintiff's objections.

In sum, the court concludes that the ALJ properly explained its decision as to Listing 1.04, which also is supported by substantial evidence. However, the ALJ failed to provide sufficient explanation as to its decision to afford the opinion of Nunez "less weight." This lack of explanation precludes meaningful review. Thus, remand is required.

**CONCLUSION**

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court REJECTS the recommendation of the magistrate judge. (DE 37). For the reasons stated herein, plaintiff's motion for judgment on the pleadings is GRANTED. (DE 29). Defendant's motion for judgment on the pleadings is DENIED. (DE 35). Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is REMANDED to the Commissioner of Social Security for proceedings not inconsistent with this opinion. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge